16 CV 401

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email: james.power@hklaw.com
       marie.larsen@hklaw.com

*Attorneys for Plaintiff*
*Fujian Ocean Shipping Co. Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FUJIAN OCEAN SHIPPING CO. LTD.,
individually and on behalf of
M/V ZHENG RUN (IMO No. 9593816), and
M/V ZHENG RONG (IMO No. 9593828)

                              Plaintiff,

- against -

O.W. BUNKER FAR EAST (S) PTE. LTD.,
EQUATORIAL MARINE FUEL MANAGEMENT
SERVICES PTE LTD, SINANJU MARINE
SERVICES PTE LTD, GLOBAL MARINE
TRANSPORTATION PTE LTD, GLOBAL
ENERGY TRADING PTE LTD and ING BANK
N.V.

                              Defendants.

15 Civ. _____ (    )

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR THE
DEPOSIT OF FUNDS AND ISSUANCE OF A PRELIMINARY INJUNCTION**

Fujian Ocean Shipping Co. Ltd. ("FOSCO" or "Plaintiff") files this memorandum of law in support of its Application for a Preliminary Injunction.

## STATEMENT OF FACTS

Plaintiff filed its Complaint for Interpleader pursuant to Fed. R. Civ. P. 22 to resolve competing claims to amounts owed for the sale and delivery of fuel to the vessels M/V Zheng Run and M/V Zheng Rong (the "Vessels") in Singapore on October 21, 2014 and November 4-5, 2014 (the "Fuel Deliveries"). As set forth in its Complaint for Interpleader, filed herewith, Plaintiff and the Vessels are faced with uncertainty as to the proper recipient of funds owed for the Fuel Deliveries.

On or about August 27, 2014, FOSCO ordered bunkers from O.W. Bunker Far East (S) Pte Ltd ("O.W. Far East") to be loaded onboard and consumed by the vessel M/V Zheng Run as set forth in the Complaint. The bunkers were delivered to the vessel on October 21, 2014. A bunker delivery receipt for the fuel delivery was issued by Equatorial Marine Fuel Management Services Pte Ltd ("Equatorial"). The bunker delivery receipt did not indicate any terms and conditions to apply and therefore the transaction was governed by the terms agreed between Plaintiff and O.W. Far East. On October 21, 2014 O.W. Far East issued an invoice to FOSCO requesting payment of $408,651.28 to O.W. Far East to an ING Bank N.V. ("ING") account. *See* Compl., Exs. 1-3.

On or about November 4, 2014, FOSCO ordered bunkers from O.W. Far East to be loaded onboard and consumed by the vessel M/V Zheng Rong as set forth in the Complaint. The bunkers were delivered to the vessel on November 4-5, 2014. Bunker delivery receipts for the fuel delivery were issued by three separate physical suppliers: Sinanju Marine Services Pte Ltd ("Sinanju"), Global Marine Transportation Pte Ltd ("Global Marine") and Global Energy Trading Pte Ltd ("Global Energy"). The bunker delivery receipts do not indicate any terms and conditions to apply and therefore the transaction was governed by the terms agreed between Plaintiff and O.W. Far

East. On November 4, 2014 O.W. Far East issued an invoice to FOSCO requesting payment of $906,596.24 to O.W. Far East to an ING account. *See* Compl., Exs. 4-6.

On November 7, 2014, O.W. Bunker AS and certain of its Danish subsidiaries and affiliates filed for bankruptcy in their home jurisdiction of Denmark. Pursuant to an Omnibus Security Agreement dated December 19, 2013 between O.W. Bunker & Trading A/S and certain of its subsidiaries, and ING as Security Agent, the O.W. entities have allegedly assigned certain rights in respect of their supply contracts as security to ING.

Due to the bankruptcy filing of O.W. Bunker & Trading AS there is a significant risk that the O.W. entities or ING or another party will take action to collect the funds owed for the bunkers. Indeed, ING has filed an action for the arrest of an unrelated vessel managed by FOSCO to obtain security for debts associated with fuel deliveries to these, and certain other vessels. Compl. ¶__. Additionally, one or more of the Physical Suppliers have threated to or have sought attachment of the Vessels in Singapore pursuant to local law for the enforcement of claims in connection with the Fuel Deliveries.

Under United States maritime law, under certain circumstances the contract supplier of necessaries, including fuel, to a vessel obtains a maritime lien against that vessel. Additionally, under certain circumstances, a physical supplier or transporter may also assert a maritime lien on that vessel. As such, a number of claimants have already or may allege rights to amounts owed for the sale of necessaries to the Vessels, giving rise to a maritime lien claims under the Maritime Lien and Commercial Instruments Act, 46 U.S.C. § 31301 *et seq.* or similar law. There also exists the alleged *in personam* rights of action asserted by ING and possibly O.W. Far East.

Plaintiff cannot ascertain whether the amount owed should be paid to O.W. Far East, Equatorial, Sinanju, Global Marine, Global Transport, ING or some other party in order to

#38339572_v1

extinguish all maritime liens against the Vessels for the Fuel Deliveries and to prevent their arrest or attachment in this District or elsewhere as well as discharging FOSCO's *in personam* liabilities (if any).

The Vessels face imminent arrest or attachment by one or more of the defendants claiming to assert a maritime lien, which would cause harm to Plaintiff and the Vessels, delay the Vessels, affect innocent third parties with interests in the Vessels' cargo and generally inhibit maritime commerce. Similarly, allowing *in personam* actions to proceed in possibly multiple jurisdictions makes little sense given the presence of funds in this action as well as all the (known) necessary parties.

## ARGUMENT

### THIS COURT HAS JURISDICTION OVER THIS ADMIRALTY RULE INTERPLEADER ACTION PURSUANT TO 28 U.S.C. § 1333 AND FEDERAL RULE OF CIVIL PROCEDURE 22

Rule 22 states that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Rule interpleader is a procedural device which differs from the interpleader statute because it does not independently confer federal jurisdiction. While many rule interpleader cases typically consider whether the Court has diversity jurisdiction (28 U.S.C. § 1332), e.g., *Glencova Inv. Co. v. Trans-Resources, Inc.*, 874 F. Supp. 2d 292, 304-05 (S.D.N.Y. 2012); *Geler v. National Westminster Bank USA*, 763 F.Supp. 722, 726 (S.D.N.Y. 1991), this Court has undoubted admiralty jurisdiction over this action pursuant to 28 U.S.C. § 1333. *See* 14-cv-9262 (S.D.N.Y.) (VEC) (D.E. 76) at 15-16.

While minimal diversity is a requirement of statutory interpleader (*see* 28 U.S.C. § 1335), in rule interpleader there is no minimal diversity requirement. As opposed to nationwide service of process provided for in 28 U.S.C. § 2361, in rule interpleader the Court must have personal

jurisdiction over the defendants and service is effected in the usual manner pursuant to Fed. R. Civ. P. 4. In this case, personal jurisdiction exists over each of the defendants pursuant to their agreement to the O.W. Bunker terms and conditions governing the Fuel Deliveries, and by the presence of ING within the district.[1] *See* Comp. ¶ __-__.

Under rule interpleader a deposit of the asset or funds into the court is not a jurisdictional prerequisite. *See, e.g., John v. Sotheby's, Inc.*, 141 F.R.D. 29, 33 (S.D.N.Y. 1992) (citing *National Union Fire Ins. Co. v. Ambassador Group, Inc.*, 691 F.Supp. 618, 621 (E.D.N.Y. 1988), *Nationwide Mutual Ins. Co.*, 555 F.Supp. at 778 and 3A James W. Moore, *et al.*, Moore's Federal Practice ¶ 22.10 (2d ed. 1989) [now volume 4, ¶ 22.04 [6][a] (3d ed. 2014)]; *see also Wells Fargo Bank, Nat. Ass'n*, 2014 WL 896741 at *1 n.1. However, the court has discretion to order a deposit under its equitable authority and pursuant to Fed. R. Civ. P. 67. 141 F.R.D. at 33-34. FOSCO respectfully asserts that a deposit of the disputed funds is not required in order to maintain jurisdiction over this interpleader action, but nonetheless makes the present application for the deposit of funds into the registry in order to provide a substitute *res* for the Vessels against which the competing claimants may assert their *in rem* and *in personam* claims in the same manner as the related interpleader actions pending in this District.

## THE CLAIMANTS SHOULD BE ENJOINED FROM *IN REM* AND *IN PERSONAM* ACTIONS IN CONNECTION WITH THE FUEL DELIVERIES

In addition to this Court's discretion to enter an order for the deposit of the disputed funds, this Court may also issue a restraining order against the arrest or attachment of the Vessels or other property of the Plaintiff. An interpleader action protects a disinterested stakeholder from multiple claims to a limited fund by providing a forum and procedure to adjudicate all competing interests.

---

[1] It is noteworthy that no party has contested personal jurisdiction in any of the related interpleader actions before Judge Caproni in the Southern District of New York (lead case *UPT Pool Ltd. v. Dynamic Oil Trading (Singapore), Pte. Ltd.*, No. 14-cv-9262).

*State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 534 (1967). While 28 U.S.C. § 2361 is not applicable to a rule interpleader action, a court can nonetheless issue an appropriate injunction necessary to preserve the purpose and effectiveness of the interpleader. "Under rule interpleader, the Court retains the discretion to restrain the litigants before the Court from litigating claims in derogation of the Court's exercise of jurisdiction." *New Jersey Sports Productions, Inc. v. Don King Productions, Inc.*, 15 F. Supp. 2d 534, 545 (D. N.J. 1998) (quoting 7 Charles A. Wright & Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1717 [3d ed. updated April 2015]: "... the mere fact that a nationwide injunction under Section 2361 is not available in rule interpleader does not mean that the court does not have discretion in the latter context to issue an order against those claimants that have been subjected to the Court's jurisdiction in accordance with the more traditional rules of process applicable in cases under Rule 22. Certainly if the court can assert personal jurisdiction over a claimant it has the power to issue an order designed to effectuate the exercise of jurisdiction"); *see also Geler v. National Westminster Bank USA*, 763 F.Supp. 722, 728-29 (S.D.N.Y. 1991). Injunctive relief will further the purposes of this rule interpleader by preventing a multiplicity of action and reduce the possibility of inconsistent determinations or the inequitable distribution of the funds.

Additionally, this Court's powers under the equitable principles in admiralty permit it to grant relief necessary to effectuate the purpose of interpleader. *See, e.g., Allied Maritime, Inc. v. Descatrade SA*, 620 F.3d 70, 76 (2d Cir. 2010) ("As a court sitting in admiralty, 'we may use equitable principles where appropriate to avoid injustice.'") (quoting *Montauk Oil Corp. v. Sonat Marine, Inc.*, 871 F.2d 1169, 1172 (2d Cir. 1981)). Where, as here, a stakeholder pleads Rule 9(h) and seeks to deposit security sufficient under Rule E(5)(a) to secure the *in rem* claims of third parties in order to release a vessel or prevent its arrest the plaintiff invokes the admiralty

jurisdiction of the District Court. Courts sitting in admiralty have broad discretion to fashion equitable remedies. These rightfully include issuing orders enjoining arrest of a vessel anywhere in the world for a claim in which the owner has posted substitute security. To the extent that the relief sought by FOSCO would enjoin the defendants/claimants from initiating actions against FOSCO and/or the Vessels in jurisdictions outside the U.S., FOSCO submits such relief is well within the Court's equitable jurisdiction. *See, e.g., T-Jat Sys. 2006 Ltd. v. Amdocs Software Sys. Ltd.*, 2013 WL 6409476, No. 13 Civ. 5356 (HB) *4 (S.D.N.Y. Dec. 9, 2013) ("[E]quity along with the threats of inconsistency and a race to judgment also support an anti-suit injunction.").

The Defendants-claimants' right to assert a maritime lien (and any *in personam* claims) will be fully preserved as the claims can be asserted against the funds in the court's registry. *See e.g. Starboard Venture Shipping, Inc. v. Cainomar Transp., Inc.*, 1994 A.M.C. 1320 (S.D.N.Y. 1993) (property already held in *custodia legis* can be attached) (citing *The Lottawanna*, 87 U.S. (20 Wall.) 201 (1873) and *Ravenna Tankers Pte. v. Omni Ships Pte. Ltd.*, 2014 A.M.C. 1190 (E.D. La. 2013) (held claimant's lien can attach to funds in the Court Registry as funds were substituted *res* for ship)). The funds on deposit in the registry of the Southern District of New York may be deemed security provided by Plaintiff individually and on behalf of the Vessels under Rule E of the Supplemental Rules for Admiralty and Maritime Claims, just as though a claimant had in fact physically served a warrant of arrest on the Vessels or arrested/attached the Vessels outside the United States, or attached property of the Plaintiff in the United States.

## A PRELIMINARY INJUNCTION SHOULD ISSUE PURSUANT TO RULE 65

Federal Rule of Civil Procedure 65 provides for the granting of a preliminary injunction if a plaintiff is "likely to succeed on the merits, likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. National Resources Defense Council*, 555 U.S. 7, 10 (2008).

### A. Interpleader Plaintiff FOSCO Has a Likelihood of Success on the Merits

Given the nature of this action – a rule interpleader action pursuant to Fed. R. Civ. P. 22, where the interpleader plaintiff is a disinterested stakeholder seeking ultimate discharge from this action, FOSCO has a likelihood of success on the merits of this action. Ultimately, this Court may accept jurisdiction over this action once it has determined that it has jurisdiction over all parties, and that competing claims exist to the disputed interpleader funds.

### B. There is a Danger of Irreparable Harm

FOSCO will face irreparable harm if an injunction is not granted. As set forth in the Complaint, Plaintiff and the Vessels face immense financial harm where they face competing arrest and/or attachment actions by multiple parties asserting maritime claims for the same debt in relation to the same fuel deliveries. *See* Comp. at ¶ __. Plaintiff seeks to avoid inequitable (and unconstitutional)[2] double liability, and injunctive relief is appropriate to prevent another party from frustrating the effectiveness of this Court's interpleader action. *See Nebraska Association of School Boards, Inc. v. Strategic Governmental Solutions*, No. 08-3052, 2008 WL 1774989, *3 (D. Neb. April 14, 2008) (finding that interference with the interpleader by litigation in another forum constitutes irreparable harm). All of the interpleader claimant-defendants are subject to this Court's jurisdiction, and should therefore be enjoined from interfering with the property involved in the interpleader – the Vessels - or from pursuing remedies against FOSCO *in personam*.

Additional harms caused by an arrest include (but are not limited to) disruption and delay of the Vessels' operations, delays to the Vessels' schedule, crew and cargo, congestion at the port

---

[2] *Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It is the object of courts to prevent the payment of any debt twice over").

of arrest, risks of property damage and pollution at the port while under arrest, and burdening the judicial system with duplicative legal actions where security is being made available for the claimants in this Court.

### C. Balance of Equities

The hardship suffered by FOSCO in facing vessel arrest actions by the defendant-claimants asserting competing maritime liens, causing delays to the Vessels' schedule and related monetary damages, as well as forcing the owner to post large amounts of security, far outweighs the burden of issuing a restraining order against the arrest or attachment of the Vessels, where the interpleader plaintiff is willing to fully secure defendants' claims by a deposit of 106% of the invoice amount into the court registry.[3] This is particularly true where the Vessels and FOSCO are innocent parties, seeking to make payment of the invoice debt to the proper claimant. The very nature of interpleader will provide a forum for the defendants to assert their competing claims, and therefore no defendant will suffer any harm. Indeed, this Court has issued many restraining orders against *in rem* and *in personam* claims around the world with respect to the various O.W. Bunker related interpleader actions before it. While this action has been filed pursuant to Fed. R. Civ. P. 22, the equitable concerns are identical to those already considered by this Court. *See* 14-cv-9262 (S.D.N.Y.) (VEC) (D.E. 69) at 24, n.10.

### D. Public Interest

Finally, the public interest weighs in favor of requiring claimants to appear before this Court and proceed on their claims in interpleader as opposed to pursuing vessel arrests around the country, which only serve to increase costs to the litigating parties, as well as to burden the courts

---

[3] This amount of security (100% of the O.W. Bunker invoice plus 6% interest for one year) has been approved as adequate security in at least 24 cases involving ING as assignee of O.W. claims and various fuel suppliers. *See* 14-cv-9262 (S.D.N.Y.) (VEC) and related cases.

9

#38339572_v1

with the many competing claims in relation to the O.W. Bunker bankruptcy. Indeed, this Court has many O.W. Bunker interpleader matters before Judge Valerie E. Caproni (lead case no. 14-cv-9262 (S.D.N.Y.), thereby increasing the efficiency as well as uniformity across the cases involving substantially similar facts and legal issues.

## CONCLUSION

WHEREFORE, interpleader Plaintiff Fujian Ocean Shipping Co. Ltd., individually and on behalf of the vessels M/V Zheng Run and M/V Zheng Rong, requests that this Court enter a preliminary injunction pursuant to Fed. R. Civ. P. 65 and the Court's equitable powers, restraining any claimants now or later known from instituting any proceeding against FOSCO *in personam*, or against the Vessels *in rem*, including but not limited to the arrest or attachment of the Vessels pursuant to Supplemental Admiralty Rule C or Rule B in any United States District Court, or similar action against the Vessels or FOSCO elsewhere in the world, based on the assertion of any claim related to the provision of bunkers ("necessaries") described herein as the Fuel Deliveries, and for such other and further relief as this Court deems just and equitable.

Dated: New York, New York
       January 19, 2016

HOLLAND & KNIGHT LLP

By: _____
James H. Power
Marie E. Larsen
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email: james.power@hklaw.com
       marie.larsen@hklaw.com

*Attorneys for Plaintiff Fujian Ocean Shipping Co. Ltd., individually and on behalf of M/V Zheng Run (IMO No. 9593816), and M/V Zheng Rong (IMO No. 9593828)*
