# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

WRITER'S DIRECT DIAL:

(212) 574-1448

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

July 29, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/29/2022

**VIA ECF**



Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *Fujian Ocean Shipping Co. Ltd. v. O.W. Bunker Far East (S) Pte. Ltd., et al.*
     (No. 16-cv-401)

Dear Judge Caproni:

We write on behalf of ING Bank N.V., as Security Agent ("ING"), with the consent of Global Energy Trading Pte Ltd. ("GET") and Fujian Ocean Shipping Co. Ltd. ("Fujian"), who does not oppose this motion. On July 28, 2022, the parties concluded a confidential settlement agreement, including as to the form of the accompanying enclosed Stipulation and Proposed Order for Discharge, Dismissal With Prejudice, and Transfer of Funds, dated July 28, 2022 (the "Stipulation"). Pursuant to Your Honor's Individual Practices in Civil Cases, ING moves for leave to (1) seal the highlighted portion of the enclosed stipulation and (2) to seal the docket entry reflecting the amount of the withdrawal from the Court Registry Investment System ("CRIS"). Taking these limited steps is appropriate in light of Second Circuit case law because the redactions are narrowly tailored, the public interest in release of such material is negligible, and even if any presumption applied, such interest is outweighed by the interests outlined in more detail below.

**I.   The Information to be Sealed Does Not Constitute a "Judicial Document" Under *Lugosch* and a Presumption of Public Access Should Not Apply**

In order to be designated a judicial document, merely filing a document with the court is insufficient to render that paper a judicial document – instead "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). ING's application does not seek to seal in its entirety any judicial document, but only to redact the highlighted information within the Stipulation, and to seal the related docket entry reflecting the amount of the withdrawal and transfer from the Court's

Hon. Valerie E. Caproni
July 29, 2022
Page 2

registry (which is also set forth in the Stipulation).  Unlike the documents in *Lugosch* that the Court relied on in making its summary judgment determination, the information sought to be sealed here is not itself subject to Court approval.  *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 121 (2d Cir. 2006) (finding that documents used in moving for or opposing summary judgment should not remain under seal absent compelling reasons).  Here, by contrast, the information sought to be sealed is similar to that referred to in *Perez v. Jupada Enters.*, where the parties' "settlement documents were not filed with the court and were not the basis for the court's adjudication" of the enclosed Stipulation.  *See Perez*, No. 10 Civ. 3118, 2012 U.S. Dist. LEXIS 103783, at *13 (S.D.N.Y. July 25, 2012) (granting sealing application with respect to redactions of letters that referred to terms of confidential settlement agreement) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004)). Accordingly, the presumption of public access should not apply under these circumstances to the material sought to be sealed.

**II.   If Any Presumption of Public Access Applies, It Is Weak With Respect to the Redactions, Which are Narrowly Tailored, and Competing Concerns Outweigh Any Interest in Public Disclosure**

Even if such a presumption applied, however, ING's request is narrowly tailored, and seeks only to redact that portion of the Stipulation relating to the terms of the confidential settlement agreement and the withdrawal of funds on deposit in the CRIS.  As relevant here, the Second Circuit has found that passing references to the amount of a confidential settlement has at most an attenuated connection to the interests sought to be preserved by the presumption of public access to judicial documents.  *See Gambale*, 377 F.3d at 143 (2d Cir. 2004) (finding that, where a passing reference to the amount of a confidential settlement on the record was made, such information should have been maintained as confidential; and "the presumption, such as it was, was a weak one under these circumstances").

Even if any presumption of public access were to apply, redacting only those portions of the Stipulation pertaining to the confidential terms of the parties' settlement agreement is a solution narrowly tailored to serve the parties' interest in maintaining the confidentiality of their settlement, and outweighs any presumption that might apply.  The settlement agreement among ING, Fujian, and GET was entered into following the successful conclusion of confidential negotiations, with the expectation that its terms would remain confidential.  *See Sellick v. Consol. Edison Co. of N.Y., Inc.*, No. 15-cv-9082 (RJS), 2017 U.S. Dist. LEXIS 43554, at *25 (S.D.N.Y. Mar. 23, 2017) ("[T]he parties' interest in maintaining the confidentiality of their settlement is clearly a countervailing interest that may overcome the presumption in favor of open records where, as here, 'the settlement itself was conditioned on confidentiality' … The Court finds that Plaintiff's limited redaction requests of details related to her contemplated confidential settlement are 'narrowly tailored to serve' the parties' interest in maintaining the confidentiality of their settlement.").

Second, the disclosure of non-public, commercially sensitive information may well create unexpected transaction costs and inefficiencies among the parties, disrupting the expectation of confidentiality covering those issues.  *See Standard Inv. Chartered, Inc. v. FINRA*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court order of narrowly-tailored redaction of financial data that would subject disclosing party to "financial harm" and "competitive disadvantage").  In

Hon. Valerie E. Caproni
July 29, 2022
Page 3

*Standard Inv. Chartered*, the Second Circuit affirmed the National Association of Securities Dealers' ("NASD") analogous request to redact financial data, where "an outsider with knowledge . . . could, upon viewing the facts and figures in NASD's records, use that information to deduce NASD's negotiation tactics" which could pose competitive disadvantage to NASD. *Id.* (internal quotations and citations omitted). The redacted portions of the Stipulation contain commercially sensitive information that could potentially prejudice negotiations in ongoing related cases around the world in which the same issues may arise. Redacting the suggested portions of the Stipulation, and sealing the docket entry reflecting the amount of the related withdrawal from the Court's registry, is a narrowly tailored step that properly balances any presumption of public access under the First Amendment with the countervailing commercial interests of ING and the parties' expectations in the confidentiality of their settlement agreement. *See*, *e.g.*, Order Granting Letter Motion to Seal, *SK Shipping Co., Ltd. and SK B&T Pte. Ltd. v. NuStar Energy Servs., Inc., et al.*, No. 15 Civ. 2141 (VEC), Doc. 117 (Apr. 20, 2020) (granting similar motion to seal in O.W. Bunker-related case).

In sum, ING respectfully requests that the Court grant its application to seal (1) the highlighted portions of the enclosed Stipulation, and (2) the docket entry reflecting the amount of the withdrawal of funds from the Court's registry. We stand ready to address any questions the Court may have as to this application and thank the Court for its consideration.

Respectfully submitted,

Brian P. Maloney

Enclosure

Cc:  Bruce G. Paulsen (paulsen@sewkis.com)
     James Power (james.power@hklaw.com)
     Marie Larsen (marie.larsen@hklaw.com)
     Thomas Belknap (TBelknap@BlankRome.com)

---

Application GRANTED.

SO ORDERED.

08/02/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

SK 28644 0001 9721621 v1